NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 8, 2009[*]
Decided December 14, 2009

## Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 09-2492 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 05 C 1509 |
| SVEN O. JOHNSON, *Defendant-Appellant*. | Wayne R. Andersen, *Judge*. |

## Order

The Internal Revenue Service assessed a penalty against Sven Johnson under 26 U.S.C. §6672, after concluding that he had failed to collect and pay trust-fund taxes (such as income tax withheld from employees' wages) that his firm, Sven O. Johnson Associates, Inc., should have paid. When Johnson did not pay, the United States filed suit to collect. The district court granted summary judgment in the United States' favor.

Johnson contends that there are disputed issues of material fact about his liability, but we agree with the district court's conclusion that no important fact is in dispute. Johnson conceded that his firm owes taxes and that he is its principal manager, which makes him a responsible person subject to liability under §6672. His defense in the district court was not that the trust-fund taxes have been paid, but that non-payment was not wilful. Yet the only basis of that contention is an assertion that the firm lacks funds. The record shows that it paid more than $1.2 million to other creditors while failing to pay the United States. Such a preference for private creditors over tax obligations is exactly what §6672 is designed to block. Johnson's contention that the amount of the liability is disputed also is unavailing. The formal assessment quantifies what Johnson owes and is presumed to be correct. See *United States v. Fior D'Italia, Inc.*, 536 U.S. 238,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

242–43 (2002); *United States v. Davenport*, 106 F.3d 1333, 1336 n.4 (7th Cir. 1997). If he thought that he owed less, he had to introduce evidence supporting a different figure. He has not done so. The assessment thus stands uncontested.

After making the assessment, the United States recorded tax liens on Johnson's property. See 26 U.S.C. §§ 6321, 6322. While this suit was under advisement in the district court, the IRS notified Johnson that the liens had been removed because all taxes had been paid. That release was followed by a declaration that it had been sent in error and that the liens continue in force. This sequence sets up two more arguments for Johnson: first, that the original notice shows that he owes nothing; second, that the statute of limitations prevents the United States from levying on his property to collect.

The original notice supplies some evidence of payment. But the follow-up declaration that a blunder had occurred (a position supported by testimony in a deposition) returned matters to their original state: The United States contends that the taxes remain unpaid. What Johnson needs, if he wants to call that position into question, is proof of payment. A cancelled check (corporate or personal) might do. Bank statements showing a debit equal to the outstanding taxes might do. But Johnson has not demonstrated payment. He cannot use a bureaucratic error as a substitute.

As for the limitations argument: The suit was timely filed, and nothing that happens while a suit is pending creates a time bar to collection. 26 U.S.C. §6502(a).

A few contentions about discovery can be mopped up quickly. Johnson contends that the district court should have ordered Cynthia Brown, the "technical services adviser" who testified by deposition about the notice lifting the liens, to produce all of her records. Yet Brown stated at the deposition that she had done just that, turning over all of the records on which her testimony was based. Johnson's appellate brief does not explain what he thinks was withheld. Johnson also contends that he should have been allowed to depose the IRS official whose mechanically reproduced signature appears on the release. Brown testified that this document had been computer generated and that the signing official thus lacked personal knowledge. Johnson has not called that statement into question; taking a deposition of the signing official would have been nothing but harassment. Johnson's further contentions—such as that the Village of Elwood, Illinois, is late in paying for work on a federally funded project—have no bearing on the controversy and need not be discussed.

AFFIRMED